IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONNIE CLARKE,
      Plaintiff,

v.                                                  Civil Action No. 3:17-cv-00085-JAG

PETERSBURG CITY PUBLIC SCHOOLS,
      Defendant.

## OPINION

Ronnie Clarke has applied to work for the City of Petersburg School Board (the "School Board")[1] many times to no avail. After each denied application, Clarke has filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), followed by a suit in this Court for violation of Title VII. The Court has dismissed each case.

In August 2015, Clarke again applied for a job with the School Board, and the School Board did not hire him. He now claims another violation of Title VII.

Clarke originally sued the School Board and four individuals. The defendants moved to dismiss the case, and also moved for sanctions against Clarke. On May 4, 2017, the Court dismissed the claims against the four individuals with prejudice. As to the School Board, the Court rejected the argument that claim preclusion bars the current case. Nevertheless, the Court dismissed the claim against the School Board, but gave Clarke the opportunity to file a second amended complaint. The Court did not resolve the motion for sanctions at that time.

On May 25, 2017, Clarke filed the second amended complaint. The School Board has again moved to dismiss. Because Clarke has not alleged sufficient facts to establish that the

---

[1] Clarke actually named "Petersburg City Public Schools" as a defendant, but the Court uses the party's proper name.

School Board did not hire him because of his prior EEOC complaints, the Court will grant the School Board's motion to dismiss. The Court, however, will not impose sanctions on Clarke.

## I. BACKGROUND

Clarke worked for the School Board from 2006 to 2009. In 2009, the School Board laid him off because of a reduction in workforce. Since then, Clarke has applied for a similar job many times, but the School Board has not hired him.

To date, Clarke has sued the School Board in this Court five times for discrimination or retaliation based on different rejected employment applications. *See Clarke v. Petersburg City Pub. Schs.*, No. 3:11-cv-00164-REP (EEOC Charge No. 437-2010-00411); *Clarke v. Petersburg City Pub. Schs.*, No. 3:13-cv-00333-REP (EEOC Charge No. 437-2012-00731); *Clarke v. Petersburg City Pub. Schs.*, No. 3:14-cv-00239-REP (EEOC Charge No. 430-2013-02153); *Clarke v. Petersburg City Pub. Schs.*, No. 3:14-cv-00517-REP (EEOC Charge No. 437-2013-01022); *Clarke v. City of Petersburg*, No. 3:15-cv-00470-HEH (EEOC Charge No. 438-2014-00892).

In August 2015, Clarke again unsuccessfully applied for a job with the School Board. He says the Board rejected him because of an EEOC charge that resulted in a right to sue letter on April 24, 2014.[2] He now claims unlawful retaliation.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[2] To support this fact, Clarke attached a right to sue letter mailed January 3, 2014. Nevertheless, the Court takes judicial notice of the fact that the EEOC had mailed Clarke a right to sue letter based on a different charge on April 22, 2014. *See Clarke v. Petersburg City Pub. Schs.*, No. 3:14-cv-00517-REP. His suit based on the 2014 charge never got off the ground, because he did not properly complete his financial affidavit.

2

8(a)(2). In cases where the plaintiff appears without an attorney (i.e., pro se), courts do not expect the pro se plaintiff to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) This principle of liberal construction, however, has its limits. *Id.* Courts do not need to discern the unexpressed intent of the plaintiff or to conjure up issues on the plaintiff's behalf. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006); *Beaudett*, 775 F.2d at 1276.

The defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges the sufficiency of a complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016). Accordingly, in evaluating such a motion, courts typically focus only on the complaint, documents attached to the complaint, and documents explicitly incorporated into the complaint by reference. *Id.* at 166. In appropriate cases, however, courts may also (1) take judicial notice of public records, such as federal court records, and (2) consider documents submitted by the movant if the documents are integral to the complaint and indisputably authentic. *Id.*; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). When considering the complaint itself, courts must accept all allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Considering the facts in light of these principles, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient facts to state a claim to relief that is plausible on

its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007)).

## III. DISCUSSION

To state a claim for unlawful retaliation in violation of Title VII, the plaintiff must plausibly allege that an employer discriminated against him because he opposed discrimination under Title VII. *See* 42 U.S.C. § 2000e-3(a). In other words, in this case, Clarke must plausibly allege that the School Board did not hire him *because* he had filed charges of discrimination with the EEOC. Clarke alleges that, in 2014, he received a right to sue letter. Over a year later, Clarke applied yet again for a job with the School Board, and the School Board did not hire him. These facts, without more, fail to state a plausible claim for unlawful retaliation. *See, e.g., Spencer v. Va. State Univ.*, 224 F. Supp. 3d 449, 459 (E.D. Va. 2016). Accordingly, the Court will grant the School Board's motion to dismiss.

Turning to the motion for sanctions, the School Board asks the Court to impose sanctions on Clarke for violating Rule 11 of the Federal Rules of Civil Procedure. Rule 11 permits courts to impose sanctions on a party who files complaints and other papers for an improper purpose, such as harassment. This case does not appear to have been brought for an improper purpose; Clarke simply wants a job.

Rule 11 also permits sanctions for filings that contain frivolous arguments or that contain arguments that have no evidentiary support. This case comes close to the line, but the Court will grant the plaintiff the benefit of the doubt and not impose sanctions at this time.

The Court cautions Clarke that simply not getting a job does not amount to discrimination or retaliation. Without more, a job rejection only means that the potential employer does not want to hire the applicant. Clarke should accept the message and try to get a different job.

## IV. CONCLUSION

Clarke's second amended complaint has failed to state a plausible claim for Title VII retaliation against the School Board, and will be dismissed with prejudice. The Court, however, will not impose sanctions on Clarke for filing the complaint.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to the pro se plaintiff and to all counsel of record.

Date: August 7, 2017
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge